### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEE EADS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | NO.  11-1968 |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | |
| Defendant. | : | |

**FILED**

JAN 2 0 2012

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### O R D E R

**AND NOW**, this 18th day of January, 2012, upon consideration of plaintiff's Complaint

requesting review of an adverse decision of the Commissioner (Document No. 1, filed March 24,

2011), Plaintiff's Brief and Statement of Issues in Support of Her Request for Review (Document

No. 9, filed June 29, 2011), Defendant's Response to Request for Review of Plaintiff (Document

No. 10, filed July 28, 2011), and Plaintiff's Reply to Defendant's Response to Request for

Review of Plaintiff (Document No. 11, filed August 5, 2011); and after review of the Report and

Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells dated

December 20, 2011, no objections having been filed, and good cause appearing, **IT IS**

**ORDERED** as follows:

1.  The Report and Recommendation of Chief United States Magistrate Judge Carol

Sandra Moore Wells dated December 20, 2011, is **APPROVED** and **ADOPTED**;

2.  Plaintiff's request for review of the adverse decision of the Commissioner of Social

Security is **GRANTED** to the extent plaintiff seeks a remand to the Commissioner of the Social

Security Administration, and **DENIED** in all other respects; and,

3.  The case is **REMANDED** to the Commissioner of Social Security pursuant to the

fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendation of Chief United States Magistrate Judge Carol Sandra Moore Wells dated December 20, 2011. Specifically, upon remand, the ALJ shall: (a) expressly consider the limiting effects of plaintiff's severe obesity at steps three, four and five of the sequential evaluation process; and, (b) reassess plaintiff's credibility concerning the limiting effects of his agoraphobia, including expressly evaluating Ms. Fintress' corroborating testimony.

**BY THE COURT:**

*Jan E. DuBois*

**JAN E. DUBOIS, J.**
